GUO GUO LIN, Petitioner,

v.

Peter D. KEISLER, Acting U.S.
Attorney General,[1]
Respondent.

No. 07–1332–ag.

United States Court of Appeals,
Second Circuit.

Oct. 31, 2007.

David J. Rodkin, New York, NY, for
Petitioner.

Peter D. Keisler, Acting Attorney General and former Assistant Attorney General, Civil Division, Lisa M. Arnold, Senior

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Litigation Counsel, Erica B. Miles, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Guo Guo Lin, a citizen of the People's Republic of China, seeks review of a March 6, 2007 order of the BIA affirming the September 14, 2005 decision of Immigration Judge ("IJ") William Van Wyke denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guo Guo Lin*, No. A97 160 684 (B.I.A. Mar. 6, 2007), *aff'g* No. A97 160 684 (Immig. Ct. N.Y. City Sept. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court can consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion, which it does not here. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B).

We conclude that the IJ's adverse credibility determination was supported by substantial evidence. The agency accurately found that Lin's testimony that his wife's pregnancy was discovered by family planning officials while she was walking outdoors was inconsistent with his asylum application, in which he stated that "several Family Planning officials came to her [sister's] home and took away my wife for an abortion." The agency also accurately found that testimony to be inconsistent with a letter from Lin's wife, which asserted that while she was hiding at her sister's home, family planning officials arrived and dragged her into a van. These are substantial inconsistencies that go to the heart of Lin's claim, as they involve the precise incident upon which his application for asylum is premised. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003). While Lin was given an opportunity to explain these inconsistencies, the IJ was not compelled to credit his explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

The IJ further found Lin's demeanor suspect, noting that, while he was responsive to some questions, he was unresponsive to others, particularly questions about the inconsistencies described above. We accord particular deference to the IJ's assessment of Lin's demeanor. *Tu Lin v. Gonzales*, 446 F.3d 395, 400–01 (2d Cir. 2006).

Substantial evidence in the record, considered in the aggregate, supports the IJ's adverse credibility determination. While the BIA's finding regarding Lin's motivation for coming to the United States may have been based on flawed reasoning, remand on that basis is not necessary where we can state with confidence that the same decision would be made on remand absent any errors. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338–39 (2d Cir.2006).

Because the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on Lin's claims for withholding of removal and CAT relief, which were predicated on the same facts as his asylum

claim. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DENIED as moot.